UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO.  6:25-cr-138-JSS-LHP
                                                  18 U.S.C. § 1425(a)

WILLIAM ANTONIO ALMONTE GOMEZ
a/k/a William Almonte-Millan
a/k/a J.C.T.M.

## SUPERSEDING INFORMATION

The United States Attorney charges:

## COUNT ONE
### (Unlawful Procurement of Naturalization)

On or about June 27, 2024, in the Middle District of Florida, the defendant,

WILLIAM ANTONIO ALMONTE GOMEZ
a/k/a William Almonte-Millan
a/k/a J.C.T.M.,

did knowingly procure and attempt to procure, contrary to law, the naturalization of

himself, to wit, by making material false sworn statements in connection with his

naturalization application that he had never committed a crime or offense for which

he was not arrested, that he had not ever given false or misleading information or

documentation to any United States government official, and that had had not ever

claimed to be a United States Citizen, when, as he then and there well knew, he had

committed the crime of fraudulently procuring a passport in violation of 18 U.S.C. §

1542, that is, he used the name of J.C.T.M. in an application for a United States

Passport with intent to induce and secure the issuance of a passport under the

authority of the United States, for which he was not arrested, and he had given false and misleading information and documentation to the United States government about his identity on an application for a United States Passport on which he also claimed to be a United States Citizen.

In violation of 18 U.S.C. § 1425(a).

## REVOCATION OF CITIZENSHIP

Notice is hereby given, upon a conviction of unlawfully procuring naturalization and citizenship in violation of 18 U.S.C. § 1425(a), as alleged in Count One of this Information, Defendant WILLIAM ANTONIO ALMONTE GOMEZ's naturalization shall, by Court order, be revoked, set aside, and declared void, and Defendant WILLIAM ANTONIO ALMONTE GOMEZ's certificate of naturalization shall, by the same order, be cancelled, pursuant to 8 U.S.C. § 1451(e).

## FORFEITURE

1.    The allegations contained in Count One is incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(6).

2.    Upon conviction of a violation of 18 U.S.C. § 1425(a), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6):

a.    Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense;

b.    Any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

c.  Any property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

3.    If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

GREGORY W. KEHOE
United States Attorney

By: _____
Amanda S. Daniels
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando

4