AF Approval _NMA_             Chief Approval ___CB___

AUG 22 2025 PM4:16
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                      CASE NO. 6:25-cr-138-JSS-LHP

WILLIAM ANTONIO ALMONTE GOMEZ
    a/k/a William Almonte-Millan
    a/k/a J.C.T.M.

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, WILLIAM ANTONIO ALMONTE GOMEZ, and the attorney for the defendant, Brice Aikens, Esq., mutually agree as follows:

### A. Particularized Terms

1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with Fraudulent Procurement of Naturalization and Citizenship, in violation of 18 U.S.C. § 1425(a).

2. Maximum Penalties

Count One carries a maximum sentence of 10 years of imprisonment, a fine of up to $250,000, a term of supervised release of up to 3 years, and a special assessment of $100.

Defendant's Initials __WA__

Upon a conviction of unlawfully procuring naturalization and citizenship in violation of Title 18, United States Code, Section 1425(a), as alleged in Count One of this Information, the Court shall revoke, set aside, and declare void the final order admitting WILLIAM ANTONIO ALMONTE GOMEZ to citizenship in the United States and shall declare her Certificate of Naturalization to be canceled, pursuant to Title 8, United States Code, Section 1451(e).

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: The defendant knowingly procured;

<u>Second</u>: Contrary to law;

<u>Third</u>: The naturalization of any person;

4. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials WA          2

5. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

6. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials WA          3

complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 928(a)(6), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea

Defendant's Initials _WA_    4

Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their

Defendant's Initials __WH__ 5

connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Defendant's Initials __WK__               6

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

## B. Standard Terms and Conditions

### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing

Defendant's Initials _WH_                7

other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed

Defendant's Initials WK          8

from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including

Defendant's Initials _WA_       9

those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to

Defendant's Initials \NK            10

make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

Defendant's Initials N/A        11

the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.     Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other

Defendant's Initials ᐱᐧᐯ          12

than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are

Defendant's Initials _WH_                13

felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ day of August, 2025.

GREGORY W. KEHOE
United States Attorney

_____
William Antonio Almonte Gomez
Defendant

_____
Amanda S. Daniels
Assistant United States Attorney

_____
Brice Aikens, Esq.
Attorney for Defendant

_____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials __WA__          15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:25-cr-138-JSS-LHP

WILLIAM ANTONIO ALMONTE
GOMEZ

## PERSONALIZATION OF ELEMENTS

With regard to Count One of the Indictment, on or about June 27,

2024, in the Middle District of Florida, did you knowingly procure, contrary

to law, your own naturalization?

Defendant's Initials WA           16

UNITED STATES OF AMERICA

v.                                                 CASE NO. 6:25-cr-138-JSS-LHP

WILLIAM ANTONIO ALMONTE
GOMEZ

## FACTUAL BASIS

On or about June 27, 2024, in the Middle District of Florida, the

defendant knowingly and fraudulently procured naturalization to the United

States. The defendant did so by making false statements on an N-400

application for United States Citizenship regarding whether he had committed

any crimes for which he was not arrested and whether he had ever provided

false information or documentation to the United States Government.

Specifically, on June 27, 2024, the defendant submitted an N-400

application for United States Citizenship while located in the Middle District

of Florida. On that application the defendant was asked to list all names he

had used, whether he had ever committed a crime for which he was not

arrested, and whether he had ever provided any false information or

documentation to any United States government officials. In response, the

defendant failed to list the name J.C.T.M. As detailed below, the defendant

Defendant's Initials WA                        17

used this name to fraudulently procure a United States passport for himself and his minor son, and also to renew his own passport. The defendant also falsely and fraudulently failed to disclose that he had provided this false information to the United States government officials processing his passport application and that he had never committed a crime for which he had not been arrested, though at the time he submitted his N-400 application he knew he had.

On February 16, 2007, the defendant filed a DS-11 application for a United States passport under the name J.C.T.M. The defendant falsely listed his date of birth of xx/xx/1978, and falsely listed his place of birth as being in Puerto Rico. The DS-11 application that corresponds to this request is #xxxxxx922. The defendant submitted this application from a United States Post Office in Orlando, Florida, which is located in the Middle District of Florida. In connection with this submission, the defendant swore to an authorized passport acceptance clerk that all the information in his application, the photograph attached to his application, and the identifying documents presented were true. The clerk verified that the photograph affixed to the application matched the likeness of the defendant who was standing in front of her. Then, the defendant signed the application in the presence of the

Defendant's Initials \ʃʃʕ̣      18

acceptance clerk. This passport was issued on February 24, 2007. It expired on February 23, 2017. The passport number was #xxxxx3256.

Later, on November 18, 2016, the defendant submitted a passport renewal application under J.C.T.M. from the Middle District of Florida. In this application the defendant again listed his date of birth as xx/xx/1978. The renewed passport was issued on December 10, 2016, and has an expiration date of December 9, 2026. The passport number is #xxxx6536. On this date, the defendant knew the statements he made in the application were false.

The defendant's true identity is William Antonio Almonte Gomez. The defendant's true date of birth is xx/xx/1981, and his true place of birth is the Dominican Republic. On December 23, 2021, the defendant was issued a passport from the Dominican Republic under the name William Antonio Almonte Gomez. The passport number is #xxxxx0119, which expires on December 23, 2027. The defendant applied for and obtained legal permanent resident status under his true identity in 1994.

On January 20, 2017, the defendant executed a passport application for his son, N.M., whose date of birth is xx/xx/2006. In connection with this application, the defendant submitted a driver's license bearing his photo with the name J.C.T.M. as proof of his identity for his son's passport application. On this date, the defendant went into the United States Post Office in Debary,

Defendant's Initials __WA__      19

Florida, which is in the Middle District of Florida, to submit the passport application. The defendant swore to an authorized passport acceptance clerk that all the information in the application, the photograph attached to the application, and the identifying documents presented were true. The clerk verified that the defendant's identity by looking at his Florida issued driver's license. The passport was issued on January 31, 2017.

Finally, on or about August 19, 2024, the defendant applied for a passport under the name William Almonte Millan. In connection with this application, the defendant listed his date of birth as xx/xx/1981 and his country of birth as the Dominican Republic. The defendant submitted a Florida driver's license issued in the name of William Almonte Millan as evidence of his identity. This driver's license was issued on March 1, 2022, and expires on October 27, 2030. To prove he was a United States citizen he provided a certificate of naturalization which was originally issued on August 15, 2024. The application asked for a list of names used by the applicant. In response the defendant listed the names William Almonte-Millan and William Antonio Almonte Gomez, but failed to disclose that he used the name J.C.T.M.

J.C.T.M. is a real person who was born in Puerto Rico on the date that the defendant listed in his passport applications. J.C.T.M. reported that he has

Defendant's Initials \\\\\A\\\\    20

never lived outside of Puerto Rico nor has he ever applied for a United States passport. Additionally, J.C.T.M. never gave the defendant permission to use his personal information or documents.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials \_\_WA\_\_  21